1

2

3

4    **UNITED STATES BANKRUPTCY COURT**

5    **EASTERN DISTRICT OF CALIFORNIA**

6

7

8  In re                                  )     Case No.  11-20679-E-7
                                          )     Docket No.  MWB-2
9  BRANDON SCOTT MADEROS and              )
   LaRAIN JOY MADEROS,                    )     DATE:     February 4, 2021
10                                        )     TIME:     10:30 a.m.
                         Debtors.         )     DEPT:     E
11 ───────────────────────────────────   )

12

13    **SUPPLEMENTAL FINDINGS AND CONCLUSIONS**
      **TO CIVIL MINUTES (Dckt. 47) RE MOTION TO AVOID JUDGMENT LIEN**

14            The court issues these Supplemental Findings and Conclusions to the court's Findings of Fact

15   and Conclusions of Law stated in the Civil Minutes (Dckt. 47) for the February 4, 2021 hearing on

16   the Motion for Order to Avoid Judgment Lien filed by Brandon Maderos and LaRain Maderos, the

17   Debtors in this bankruptcy case.

18            On January 7, 2021, Brandon and LaRain Maderos, the two Chapter 7 Debtors in this

19   Bankruptcy Case, ("Debtors") filed a Motion to Avoid a Judgment Lien (the "Motion").  Dckt. 41.

20   A hearing was conducted on the Motion on February 4, 2021, and the court issued a detailed ruling

21   which is stated in the Civil Minutes of that hearing.  Dckt. 47.

22            The creditor holding the asserted judgment lien at issue is LVNV Funding, LLC, assignee of

23   HSBC Bank.  Civil Minutes, p. 1; Dckt. 47.  The abstract of judgment, which is a judgment

24   enforcement device in California to create a judgment lien on real property, at issue was recorded on

25   June 14, 2010, which was prior to the January 10, 2011 filing of this bankruptcy case by Debtors.

26   *Id*.  The judgment for which the abstract of judgment would create a judgment lien was entered in

27   the California Superior Court on March 1, 2010 (the "Judgment").  See Abstract of Judgment, ¶ 8,

28   filed as Exhibit 1 in support of the Motion, Dckt. 44.

On May 16, 2011, Debtors were granted a discharge in this bankruptcy case, discharging the March 1, 2010 Judgment identified in the Abstract of Judgment.

As addressed in the Civil Minutes, the entry of a bankruptcy discharge renders void any judgment as a determination of Debtors' personal liability of a discharged debt. 11 U.S.C. § 524(a)(1); Civil Minutes, p. 3; Dckt. 47. Additionally, it operates as a statutorily created injunction against any attempt to collect or recover a discharged debt as a personal liability of Debtors. 11 U.S.C. § 524(a)(2); Civil Minutes, p. 3, Dckt. 47. As this court quoted from Collier on Bankruptcy, with respect to a discharged debt, the judgment creditor cannot obtain a judgment lien on post-bankruptcy property acquired by a debtor:

> **A prepetition judgment that has been made void by this section cannot be the basis for a creditor obtaining a lien on property that was not subject to a lien before bankruptcy.** Nor may a creditor proceed *in rem* against a property interest of the debtor if the creditor had no lien before the bankruptcy case and the debtor's personal liability has been discharged.

4 COLLIER ON BANKRUPTCY P 524.02 (16TH 2020).

The property of Debtors identified as being the subject of concern by a title company is identified as 1497 Hooker Oak Avenue, Chico, California (the "Property"), which Property is stated to have been acquired by Debtors in 2014[1] - three years after Debtors obtained the discharge of the Judgment obligation and precluding the Abstract of Judgment attaching to the post-bankruptcy acquired Property.

There being no Judgment Lien that could attach to the Property, the Judgment having been discharged by the Discharge entered in this case, there is nothing to "avoid" as requested in Debtors' Motion. Motion, p. 2, Prayer ¶ 1; Dckt. 41. While the Motion does not identify the legal basis for "avoiding" the nonexistent judgment lien, such relief is commonly sought pursuant to 11 U.S.C. § 522(f) when a pre-petition judgment lien has attached to a debtor's pre-petition exempt property and impairs the exemption. Such basis has not been asserted for this Motion, and based on the evidence presented cannot since there was no pre-petition lien on the Property that was first obtained by Debtors three years after the Judgment was discharged.

---

[1] Debtors Declaration, ¶ 3; Dckt. 43.

In the Motion it is further stated that Debtors are attempting to sell the Property, but cannot do so because the (unidentified) title company is requiring that Debtors pay the discharged Judgment for which there can be no judgment lien on the Property Debtors acquired three years after they filed bankruptcy and obtained their Discharge. Such demand for payment of the discharged Judgment, requiring such payment as the "*quid pro quo*" for closing a sale escrow, and receipt of any monies by LVNV Funding, LLC, assignee of HSBC Bank that Debtor was forced to pay on the discharged judgment would be a violation of the Discharge and Discharge Injunction, and subject the parties demanding, forcing, and receiving such payment to corrective and punitive sanctions. Such proceedings are for contempt for violating a discharge injunction and addressed in the bankruptcy court. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 501 (9th Cir. 2002).

Respecting the needs of Debtors and the title company for an order addressing this issue, the court requested that counsel for Debtor provide counsel for the title company a copy of the court's ruling stated in the Civil Minutes that there is no judgment lien, and then lodge with the court a proposed order addressing there not being a lien on the Property - and not have the court misrepresent that it was purporting to "avoid" a nonexistent lien. Civil Minutes, p. 5; Dckt. 47. The court also noted in Footnote 1 in the Civil Minutes that as of January 2021, more than ten years have passed since the March 1, 2010 entry of the Judgment and it was not clear whether the Judgment had been renewed (possibly in violation of the Discharge Injunction) or whether the Judgment, and any lien relating thereto, had terminated due to age. Cal. C.C.P. §§ 683.180, 697.310.

On February 4, 2021, the same day as the hearing and before the court could have the Civil Minutes docketed, counsel for Debtor lodged with the court a proposed order concerning the nonexistent lien that the title company was purportedly forcing the Debtor to pay LVNV Funding, LLC, assignee of HSBC Bank for the discharged Judgment for the sale of the Property obtained by Debtor after having been granted a discharge. The proposed order purports to say that LVNV Funding, LLC, assignee of HSBC Bank had a lien on the post-discharge obtained Property and that the court then avoided such nonexistent lien.

The court cannot, and will not, engage in such legal fabrication, even if is demanded by a title company and/or a debtor's counsel.

Since violation of the Discharge Injunction is addressed by contempt, the court can address this issue in this Motion, and not require Debtors to file (and the violators pay for) an adversary proceeding to acquire title.

The court shall issue a separate order stating the effect of the discharge on the pre-petition judgment, the voiding of the judgment as provided in 11 U.S.C. § 524(a)(1), the potential violation of the Discharge Injunction by the attempted enforcement of the discharged judgment against post-bankruptcy acquired property by Debtors, and the civil contempt enforcement of the Discharge Injunction and rectifying the violations thereof.

**Dated:** February 17, 2021                    **By the Court**

Ronald H. Sargis, Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below.* The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

| **Debtor(s)**<br><br>Brandon and LaRain Maderos<br>1759 Hooker Oak Ave<br>Chico, CA 95926 | **Attorney(s) for the Debtor(s)** (if any)<br><br>Mark W. Briden<br>PO Box 493085<br>Redding, CA 96049 |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case)<br><br>John W. Reger<br>1707 El Capitan Dr<br>Redding, CA 96001 | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Attorney(s) for Trustee** (if any) | |